# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID ELIJAH BOWERS, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF WISCONSIN, EQUAL EMPLOYMENT RELATION COMMISSION, CAVALIER JOHNSON, JEFFREY NORMAN, ROBIN STOIBER, and CRAIG WILSON, <br><br> Respondents. | Case No. 25-CV-963-JPS <br><br><br> **ORDER** |

**1.**     **INTRODUCTION**

Petitioner David Elijah Bowers, Jr. ("Bowers"), proceeding pro se, brings a "petition" against the State of Wisconsin, Equal Employment Relation Commission, Cavalier Johnson, Jeffrey Norman, Robin Stoiber, and Craig Wilson ("Respondents"). ECF No. 1. Bowers also moves the Court for leave to proceed without prepayment of the filing fee, ECF No. 6; and for an order for the Sheriff Department to produce a statement, ECF No. 5. He has also filed "petitions" for a finding of judicial misconduct, ECF No. 3; for a "warrant order to compel," ECF No. 7; and for a writ of habeas corpus, ECF No. 8. For the reasons stated herein, the Court will dismiss Bowers' action with prejudice, deny his various petitions and motions, and impose a filing ban and financial sanction on him.

## 2.    MOTIONS TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. First, it must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the Court must examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

A litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, cannot, therefore, reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, Bowers' petition does not meet the criteria stated in 28 U.S.C. § 1915(e)(2) and will be dismissed with prejudice. Accordingly, the Court will deny as moot Bowers' motion to proceed without prepaying the required filing fee.

3.   SCREENING

   3.1   **Legal Standard**

As noted above, when a pro se litigant seeks to proceed without prepaying the required filing fee, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*,

126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327.

  To state a claim, a complaint must provide a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

  In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal modifications omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to

"less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Factual Allegations & Analysis

Bowers' petition is largely unintelligible, but it appears to relate to a previous case he filed that was dismissed at summary judgment. ECF No. 1 at 2, 5, 11 (citing *Bowers v. Pollard*, 602 F. Supp. 2d 977 (E.D. Wis. 2009)). It also contains allegations against Respondents that date back to 2007 and Bowers' time serving in the military. *See generally id.* The petition also repeatedly refers to immigration policies and statutes, without any discussion of whether or how those have impacted Bowers and without any concrete tie to any individual whatsoever. *See generally id.*

Bowers' petition hardly mentions Bowers at all; it does not allege how he was harmed or who harmed him. *See* ECF No. 1. Accordingly, it does not even begin to provide "fair notice of what the . . . claim is and the grounds upon which it rests," to either the respondents or the Court. *Twombly*, 550 U.S. at 555. Bowers' requested relief does not serve to clarify his allegations. Bowers seeks the relief of a "preliminary injunctive order restraining the state of Wisconsin [and the other] respondents from tampering with federal court proceedings on nuisances, harassment, and retaliation of the United States Court of Appeals Chief Judge Frank Easter[]brook['s] orders to send to the military college in a[] government heist and hostage situation." ECF No. 1 at 18. He also seeks an order finding the respondents to be in contempt of court from the "national federal and or international court," an order to restrain the respondents from "intimidation and retaliation," and an order reappointing counsel that appeared on Bowers' behalf in a case from 2007, Quarles & Brady, LLP. *Id.*

at 19–20. None of this provides any context for whether or how Bowers was harmed.

A complaint should answer the following questions: (1) Who violated the litigant's constitutional rights?; (2) What did each person do to violate his rights?; (3) When did each person violate his rights?; and (4) Where did each person violate his rights? Bowers needed to provide at least a somewhat clear story of what happened to him; he did not. Because Bowers' petition fails to state a claim upon which relief may be granted and to comply with Federal Rule of Civil Procedure 8—and given the number of similarly frivolous or otherwise vexatious actions filed by Bowers in the Eastern District of Wisconsin, *see infra* Section 5—the Court will dismiss this case with prejudice. *Kamelgard v. Macura,* 585 F.3d 334, 340 (7th Cir. 2009) ("A dismissal for failure to state a claim is a dismissal on the merits . . . ." (citing Fed. R. Civ. P. 41(b))).

4. **MISCELLANEOUS PETITIONS AND MOTIONS**

Bowers moves or petitions the Court for various forms of miscellaneous relief, including for a finding of judicial misconduct, ECF No. 3; for an order for the Sheriff Department to produce a statement, ECF No. 5; for a "warrant order to compel," ECF No. 7; and for a writ of habeas corpus, ECF No. 8. Because Bowers' underlying petition fails to state a claim, the Court will deny each of Bowers' miscellaneous motions and petitions in this case as moot.

5. **FILING BAR**

Bowers is a frequent filer in this district and has filed twenty cases—in addition to this one—over the last eighteen years. Specifically, Bowers has filed the following cases:

| Date Filed | Case Number | Disposition |
| --- | --- | --- |
| 1/3/2007 | 07-CV-1-WCG | Closed; summary judgment granted to Defendants and appointed attorney permitted to withdraw |
| 3/6/2008 | 08-CV-197-WCG | Closed; summary judgment granted to Defendants due to Bowers' failure to exhaust |
| 4/1/2008 | 08-CV-285-WCG | Closed; dismissed for failure to exhaust |
| 10/20/2008 | 08-CV-888-WCG | Closed; dismissed with prejudice for failure to state a claim; "strike" under 28 U.S.C. § 1915(g) incurred |
| 2/19/2009 | 09-CV-172-WCG | Closed; dismissed because "[c]itizens do not have the power to institute criminal proceedings" |
| 3/12/2009 | 09-CV-276-WCG | Closed; voluntarily dismissed |
| 1/25/2010 | 10-CV-63-JPS | Closed; dismissed with prejudice as frivolous; "strike" under 28 U.S.C. § 1915(g) incurred |
| 5/29/2014 | 14-CV-620-RTR | Closed; dismissed for lack of subject matter jurisdiction |
| 10/8/2015 | 15-CV-1197-WCG | Closed; dismissed without prejudice for failure to pay filing fee |
| 3/17/2016 | 16-CV-331-LA | Closed; dismissed with prejudice as a sanction for Bowers' misconduct |
| 8/25/2016 | 16-CV-1141-LA | Closed; voluntarily dismissed |
| 6/7/2017 | 17-CV-805-PP | Closed; dismissed for failure to pay filing fee |
| 8/8/2017 | 17-CV-1091-WCG | Closed; dismissed for failure to pay filing fee |
| 8/31/2017 | 17-CV-1188-WCG | Closed; dismissed as to Bowers for failure to prosecute |

| | | |
|---|---|---|
| 2/21/2019 | 19-CV-284-WCG | Closed; dismissed without prejudice for failure to comply with court order and relevant rules |
| 2/21/2019 | 19-CV-285-WCG | Closed; dismissed for failure to pay filing fee |
| 11/5/2019 | 19-CV-1624-LA | Closed; dismissed for failure to pay filing fee |
| 6/17/2021 | 21-CV-749-BHL | Closed; dismissed without prejudice for failure to state a claim |
| 10/18/2021 | 21-CV-1207-LA | Closed; dismissed with prejudice for failure to state a claim |
| 6/14/2023 | 23-CV-773-PP | Closed; dismissed without prejudice for failure to pay filing fee and to comply with court order |

"[T]he right of access to federal courts is not absolute." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). That aim cannot be achieved if, as Bowers would have it, the Court is forced to dedicate a disproportionate amount of its resources to reviewing, time and again, complaints that fail to comply with local and federal rules, that will inevitably be dismissed because Bowers is unwilling to pay the necessary filing fees, or that are otherwise frivolous. Simply put, Bowers' conduct is an abuse of both the federal forum and the judicial process. He has consumed far more than his share of scarce and valuable

judicial resources, and his pro se status does not "insulate h[im] from sanctions for filing . . . meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement sanctions that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-CV-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11). Based on Bowers' specific form of misconduct, the Court has determined that the appropriate sanction is a $1,000.00 fine, and a filing bar until such a time as that fine is paid in full.

Bowers will be barred from filing any paper in any case in this District, including new lawsuits related to different facts than those set forth in this Order, until he has fully paid the $1,000.00 fine imposed by this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Bowers] is a defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (noting that motions for reconsideration fall within *Mack* bar (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999))). The Clerk of Court will be directed to return unfiled any such papers until Bowers has fully paid the $1,000.00 fine.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Petitioner David Elijah Bowers, Jr.'s motion for leave to proceed without prepaying the filing fee, ECF No. 6, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner David Elijah Bowers, Jr.'s motion for order for Sheriff Department to produce statement, ECF No. 5, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a fine of $1,000.00 shall be imposed on Petitioner David Elijah Bowers, Jr., and he shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus until he fully pays the $1,000.00 fine; the Clerk of Court shall **RETURN UNFILED** any such papers.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.